UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MICHAEL PILKINGTON,<br>**Plaintiff** | : | **CIVIL ACTION NO.** |
| | : | |
| | : | **3:05 CV 1253 (JBA)** |
| v. | : | |
| | : | |
| HARTE CHEVROLET, INC.<br>**Defendant** | : | |
| | : | **SEPTEMBER 6, 2005** |
| | : | |

## FIRST AMENDED COMPLAINT

**INTRODUCTION**

1.      This is an action for money damages, liquidated damages, costs, and attorneys' fees and

other relief as a result of Defendant's failure to pay overtime compensation to the

Plaintiff, in violation of federal and state wage and hour laws.


**THE PARTIES**

2.      Plaintiff, Michael Pilkington, is an individual presently residing, and residing at all

relevant times, in Naugatuck, Connecticut.

3.      Defendant, Harte Chevrolet, Inc., is a corporation duly licensed to transact business

within the State of Connecticut, having its principal place of business located in Meriden,

Connecticut.

4.      Defendant is an employer engaged in interstate commerce, and at all relevant times has

been, subject to the provisions of the Fair Labor Standards Act, 29 U.S.C. Sec. 201 et seq.

**JURISDICTION**

5.    The United States District Court for the District of Connecticut has subject matter
      jurisdiction over this case under the provisions of 28 U.S.C. § 1337 because it asserts a
      federal claim under the provision of the Fair Labor Standards Act.  Supplemental
      jurisdiction over the State law claims set forth herein is predicated on 28 U.S.C. § 1367.

**FACTUAL BACKGROUND**

6.    Plaintiff began working for Defendant in June, 2004.

7.    Beginning on the date of his employment, up through and including the date that
      Plaintiff's employment ended in July of 2005, Plaintiff's job title was Parts Consultant.

8.    At all times pertinent, the Plaintiff's primary job duties was to run the Parts Counter,
      which included providing assistance and services to technicians, wholesale customers,
      and retail customers.  Specifically, Plaintiff would assist those individuals in locating and
      procuring automobile parts and accessories.

9.    The Plaintiff received a salary for performing the aforementioned tasks.

10.   The Plaintiff, at all times pertinent, never received overtime for any hours worked over
      and above forty (40).

11.   The Plaintiff regularly worked more than forty hours per week.

**COUNT ONE:        FAILURE TO PAY OVERTIME IN VIOLATION OF THE FAIR
                    LABOR STANDARDS ACT, 29 U.S.C. § 201.**

12.   During the term of his employment, Plaintiff's job duties, responsibilities, and activities

2

were those of a non-exempt employee under the terms and provisions of the Fair Labor Standards Act.

13.    Defendant wrongly treated Plaintiff as if he was exempt from the overtime pay requirements of the FLSA.

14.    Additionally, although purportedly treating Plaintiff as an exempt employee, Defendant failed to pay Plaintiff on a "salary basis," within the meaning of the law.

15.    During the period of Plaintiff's employment, Defendant repeatedly violated the provisions of the Fair Labor Standards Act, 29 U.S.C. Sec. 201 et seq., by having employed the Plaintiff for workweeks longer than forty hours without compensating him for his employment in excess of forty hours at rates at least one and one-half times the regular rate at which he was employed.

16.    Defendant's violation was willful.

17.    In repeatedly violating the overtime provisions of the Act as alleged above, Defendant knew or should have known that its failure to pay overtime compensation to the Plaintiff was prohibited by the Act, or showed reckless disregard as to whether such failure was prohibited by the Act.  Plaintiff is therefore entitled to liquidated damages as authorized by the Act.

**COUNT TWO:        VIOLATION OF CONN. GEN. STAT. SEC. 31-58 Et Seq.**

18.    Based on the foregoing, with specific reference to Paragraphs 6 through 14, during his term of employment, Plaintiff's job duties, responsibilities, and activities were those of a non-exempt employee under the terms and provisions of Conn Gen. Stat. § 31-58 *et seq.*, and said statute's implementing regulations.

19.   Defendant wrongly treated Plaintiff as if he was exempt from the overtime pay
      requirements set forth in Conn. Gen. Stat. § 31-58 *et seq.*

20.   Nevertheless, during the period of Plaintiff's employment, Defendant repeatedly violated
      the provisions of Conn. Gen. Stat. § 31-58 *et seq.* by employing the Plaintiff for
      workweeks longer than forty hours without compensating him for his employment in
      excess of forty hours at rates at least one and one-half times the regular rate at which he
      was employed.

21.   Additionally, although treating Plaintiff as an exempt employee, Defendant failed to pay
      Plaintiff on a "salary basis," within the meaning of the law.

22.   Defendant's violation is and has been willful.

23.   In repeatedly violating and continuing to violate the provisions of the statute as alleged
      above, Defendant knew or should have known that its failure to pay overtime
      compensation to the Plaintiff was prohibited by Conn. Gen. Stat. § 31-58 *et seq.* or
      showed reckless disregard as to whether such failure was prohibited by the said statute.
      Plaintiff is therefore entitled to liquidated damages as authorized by said statute.

**DEMAND FOR RELIEF**

WHEREFORE, the Plaintiff claims:

1. Unpaid Overtime Wages under the Fair Labor Standards Act and Conn. Gen. Stat. § 31-58 *et seq.*;

2. Liquidated Damages under the Fair Labor Standards Act;

3. Liquidated Damages under Conn. Gen. Stat. § 31-58 *et seq.*;

4. Interest and costs;

5. Attorneys' fees under the Fair Labor Standards Act;

6. Attorneys' fees under Conn. Gen. Stat. § 31-58 *et seq.*;

7. Such other relief as in law or equity may pertain.

**JURY DEMAND**

       Plaintiff demands a trial by jury.

 

Plaintiff,
Michael Pilkington

By_____
William Madsen (ct 09853)
Madsen, Prestley & Parenteau, LLC
44 Capitol Avenue, Suite 201
Hartford, CT 06106
Telephone:  (860) 246-2466
Facsimile:  (860) 246-1794
E-mail: wmadsen@mppjustice.com

## CERTIFICATION OF SERVICE

This is to certify that a copy of the foregoing was sent by first class mail, postage prepaid, on the 6th day of September, 2005, to the following counsel of record:

Wendi J. Kemp, Esq.
McCarter & English, LLP
CityPlace I
185 Asylum Street
Hartford, CT 06103

William G. Madsen